IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUINON HARRISON,

    Plaintiff,                           No.  CIV S-05-1731 DAD

    v.

MICHAEL J. ASTRUE,                ORDER
Commissioner of Social Security,[1]

    Defendant.
_____/

        This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, the decision of the Commissioner of Social Security (Commissioner) is affirmed.

**PROCEDURAL BACKGROUND**

        On January 23, 2003, plaintiff Guinon Harrison applied for Social Security Disability Insurance benefits under Title II of the Social Security Act (Act) and for Supplemental Security Income under Title XVI of the Act. (Transcript (Tr.) at 47-49, 287-89.) The

---

[1] On February 12, 2007, Michael J. Astrue became the Acting Commissioner of Social Security. Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

1

Commissioner denied plaintiff's applications initially and on reconsideration. (Tr. at 31-32, 290.) Pursuant to plaintiff's request, a hearing was held before an administrative law judge (ALJ) on July 8, 2004, at which plaintiff was represented by counsel. (Tr. at 46, 291-335.)

In a decision issued on October 29, 2004, the ALJ determined that plaintiff was not disabled. (Tr. at 14-24.) The ALJ entered the following findings in this regard:

> 1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for Title II benefits only through December 31, 2003.
>
> 2. The claimant's earnings record indicates that be has engaged in substantial gainful activity since his alleged disability onset date of November 15, 1994. (Exhibit 2D). Nonetheless, giving the claimant the benefit of the doubt in this case, he will not be found not disabled at this step of the sequential evaluation process (20 CFR 404.1572 and 416.972).
>
> 3. The record establishes that the claimant has the following severe impairments: a C5-C6 lateral disc herniation. Mr. Harrison is status post right subcortical cerebrovascular accident secondary to cocaine vasculitis in July 1994. He is status post left knee arthroscopy and partial meniscectomy in 1998; status post assault and right jaw fracture, status post open reduction and internal fixation of right mandibular fracture in February 2000, with hardware removal in August 2002. He has back pain with decreased range of motion of the back and a history of a dislocated right shoulder, which are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(b).
>
> 4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix I, Subpart P, Regulation No.4.
>
> 5. The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6. Despite his impairments, the claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; stand and/or walk about six hours in an eight-hour workday; and sit about six hours in an eight-hour workday. In addition, the claimant cannot engage in

|   |   |   |
|---|---|---|
|   |   | prolonged walking on uneven terrain.  He is limited to occasional overhead work with his dominant right upper extremity. He cannot perform frequent bending.  He does not have a severe mental impairment.  (20 CFR §§ 404.1567 and 416.967). |
|   | 7. | The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965). |
|   | 8. | The claimant is currently a "younger individual between the ages of 18 and 44."  He enters the category of individuals closely approaching advanced age on November 1, 2004.  (20 CFR §§ 404.1563 and 416.963). |
|   | 9. | The claimant has a high school education.  (20 CFR §§ 404.1564 and 416.964). |
|   | 10. | In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material.  (20 CFR §§ 404.1568 and 416.968). |
|   | 11. | Using Medical-Vocational Rules 202.14 and 201.15 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform, considering his age, education and work experience. |
|   | 12. | The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)). |

(Tr. at 23-24.)

The Appeals Council declined review of the ALJ's decision on June 21, 2005. (Tr. at 4-6.)  Plaintiff then sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 25, 2005.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the proper legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive.  See Miller

v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Morgan, 169 F.3d at 599; Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  See Jones, 760 F.2d at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under the Social Security regulations.  Title 20 of the Code of Federal Regulations, Section 404.1520, sets forth the test used to assess disability.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is conclusively presumed disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

1  Step five: Does the claimant have the residual functional capacity
2  to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995). The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Yuckert, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff contends that the ALJ should not have used the Social Security grids due to the presence of non-exertional limitations produced by pain. Plaintiff argues that the ALJ should have instead utilized the testimony of a vocational expert in determining plaintiff's residual functional capacity.

Defendant concedes that the existence of non-exertional limitations may make reliance on the grids inappropriate but asserts that the mere allegation of a non-exertional limitation does not automatically preclude application of the grids. Defendant asserts that in this case the ALJ properly relied on the grid because he had determined that plaintiff's non-exertional limitations did not significantly limit the range of work available to plaintiff.

At the fifth and final step of the sequential evaluation process, the Commissioner can satisfy the burden of showing that the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience, by either (1) applying the Medical-Vocational Guidelines (grids) in appropriate circumstances or (2) taking the testimony of a vocational expert. Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988). The grids are designed to show available work in the national economy for individuals with exertional (i.e., strength) limitations, as impacted by the factors of age, education, and work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d) & (e). The grids may be used only when they "'accurately and completely describe the

5

1  claimant's abilities and limitations.'" Burkhart, 856 F.2d at 1340 (quoting Jones v. Heckler, 760
2  F.2d 993, 998 (9th Cir. 1985)); see also Reddick v. Chater, 157 F.3d 715, 729.  When a
3  claimant's non-exertional limitations are sufficiently severe so as to significantly limit the range
4  of work permitted by the claimant's exertional limitations, the grids are inapplicable.  Burkhart,
5  856 F.2d at 1340; Desrosiers, 846 F.2d at 577.  See also Heckler v. Campbell, 461 U.S. 458, 462
6  n.5 (1983); Tackett, 180 F.3d at 1101-02; Cooper v. Bowen, 815 F.2d 557, 560 (9th Cir. 1987).

        Here, plaintiff claimed the following disabling impairments:  a dislocated right shoulder, plates in his jaw, arthritis in his hands, knee swelling and pain, back pain with decreased range of motion of the back, depression, and memory problems.  (Tr. at 14-15, 58.)  Plaintiff testified that his impairments limit his ability to work because his knees swell and he's in constant pain if he stays on his feet too long; he can't get up and down to perform plumbing work, can't kneel, can't reach with one arm due to his shoulder, and can't sit too long.  (Tr. at 58-59.)  Plaintiff indicated that these impairments had begun to bother him on November 15, 1994, that after 1994 he performed jobs that included working as a general laborer, in-home caregiver, and plumber; and that he stopped working altogether on September 1, 2001.  (Tr. at 59.)

        The ALJ found that plaintiff has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; stand and/or walk about six hours in an eight-hour workday; and sit about six hours in an eight-hour workday.  (Tr. at 23.)  The ALJ further found that plaintiff cannot engage in prolonged walking on uneven terrain, is limited to occasional overhead work with his right arm, cannot perform frequent bending, and does not have a severe mental impairment.  (Id.)  The ALJ concluded that plaintiff could not perform any of his past relevant work.  (Tr. at 24.)  The ALJ proceeded to the fifth step of the sequential evaluation and considered whether plaintiff could perform other work that exists in significant numbers in the national economy.  (Id.)  Applying the grids, the ALJ found plaintiff not disabled because there are a significant number of jobs in the national economy that plaintiff can perform, considering his age, education, and work experience.  (Id.)

1    The ALJ did not err by applying the grids here because he determined that
2 plaintiff's non-exertional limitations did not significantly limit the range of work available to
3 plaintiff.  First, although plaintiff is unable to engage in prolonged walking on uneven terrain,
4 "light work" for purposes of the grid requires either a good deal of walking or a good deal of
5 standing.  (See Social Security Ruling (SSR) 83-10.)  Thus, plaintiff's limitation did not
6 significantly reduce the number of available light work jobs because it did not preclude plaintiff
7 from walking on even terrain or from standing.  Moreover, the limitation on prolonged walking
8 on uneven terrain did not reduce the number of available sedentary jobs at all because sedentary
9 work is performed primarily while seated.
10   Second, although plaintiff is limited to occasional overhead work with his right
11 arm, "occasionally" means "occurring from very little up to one-third of the time" and is usually
12 equivalent to no more than two hours in an eight-hour workday.  Plaintiff is not precluded from
13 performing either sedentary or light work because such work does not require overhead reaching
14 and also because plaintiff is not precluded from overhead reaching with his left arm or from
15 occasional reaching with his right arm.  (See SSR 83-12.)
16   Third, although plaintiff cannot perform frequent bending, which includes
17 stooping, kneeling, crouching, and crawling (see SSR 85-15), a person who can perform such
18 actions occasionally, i.e., up to one-third of the time, can perform most sedentary and light jobs.
19 The limitation against frequent bending does not significantly limit the range of work available to
20 plaintiff.
21   The record does not support a conclusion that plaintiff's nonexertional limitations
22 are sufficiently severe to significantly limit the range of work otherwise permitted on the basis of
23 plaintiff's exertional limitations.  Therefore, the ALJ's use of the grids was not inappropriate,
24 and testimony from a vocational expert was not necessary under the circumstances.
25 /////
26 /////

1  Accordingly, the court HEREBY ORDERS that:

2  1. Plaintiff's motion for summary judgment is denied;

3  2. Defendant's cross-motion for summary judgment is granted; and

4  3. The decision of the Commissioner of Social Security is affirmed.

5  DATED: March 8, 2007.

```
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
```

DAD:kw
Ddad1/orders.socsec/harrison1731.ord